The STATE of Ohio, Appellant,

v.

MYERS, Appellee.

[Cite as *State v. Myers* (1994), 92 Ohio App.3d 750.]

Court of Appeals of Ohio,
Greene County.

No. 93–CA–20.

Decided Jan. 19, 1994.

*Stephen A. Wolaver* and *Robert K. Hendrix,* Greene County Assistant Prosecuting Attorneys, for appellant.

*Dennis Pusateri* and *Barry Wilford,* for appellee.

BROGAN, Judge.

On February 4, 1993, the appellee, David L. Myers, was indicted by the Greene County Grand Jury upon the charge of aggravated murder with a death penalty specification. On February 19, 1993, the appellee filed a motion seeking disclosure of the minutes of the grand jury proceedings in this matter, which was granted by the trial court on February 24, 1993. Two days later, the trial court denied the state of Ohio's motion to reconsider its decision. From those orders, the state of Ohio sought leave to appeal from this court pursuant to App.R. 5(A) and R.C. 2945.67(A). The state's motion was granted on May 17, 1993.

The appellee's brief was filed on November 16, 1993 and this matter was ready for disposition by this court on November 27, 1993 when no reply brief was filed by the state.

R.C. 2945.67(A) provides:

"(A) A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter [of] right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of

the Revised Code, *and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case."* (Emphasis added.)

In *State ex rel. Leis v. Kraft* (1984), 10 Ohio St.3d 34, 10 OBR 237, 460 N.E.2d 1372, the Ohio Supreme Court held that the granting of an accused's motion for a polygraphic test at state expense is a "final order" within the meaning of Section 3(B)(2), Article IV of the Ohio Constitution and is therefore appealable.

In *State ex rel. Leis v. Kraft*, Justice J.P. Celebrezze wrote the following at 36, 10 OBR at 239, 460 N.E.2d at 1374:

"The statute also allows for a second type of appeal which may be taken from any decision other than the type referred to above or, owing to double jeopardy considerations, the final verdict. This appeal is conditional as it may be had only by leave of the court of appeals. However, from its context, that decision is intended in a broad sense. It clearly is inclusive enough to embrace the order of the trial court which is at issue in this case.

*"As we have previously noted, however, the Ohio Constitution contains another limitation in that the courts of appeals have authority to review 'judgments or final orders' only.* As such, a question remains in this case as to whether the trial court's decision constituted a judgment or a final order. The answer to this question turns upon the concept of 'final order.'" (Emphasis added.)

The court noted that R.C. 2505.02 provides that a final order is one "affecting a substantial right made in a special proceeding." The court determined that the trial court's pretrial order for the polygraphic test at state expense was an order made in a special proceeding by utilizing the balancing test enunciated in *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452. That test weighs the harm to the prompt and orderly disposition of litigation and the consequent waste of judicial resources resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable. *Amato* at 258, 21 O.O.3d at 161, 423 N.E.2d at 455.

The court in *Kraft* then applied the *Amato* principles to the facts before it and found that the trial court's order was clearly erroneous and, absent an immediate appeal, the state would be helpless to prevent the miscarriage of justice. *State ex rel. Leis v. Kraft*, 10 Ohio St.3d at 37, 10 OBR at 239, 460 N.E.2d at 1375. The court further found that the trial court's ruling affected a substantial right and was thus a "final order" within the meaning of the Ohio Constitution and therefore appealable by leave of court under R.C. 2947.67(A).

On August 11, 1993, the Ohio Supreme Court decided *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213. In that case, the Ohio Supreme Court overruled *Amato v. Gen. Motors Corp.* and held that orders that are entered in

actions that were recognized at common law or in equity and were not specially created by statute are *not* orders entered in "special proceedings" pursuant to R.C. 2505.02.

Justice Resnick wrote the following at 106–108, 616 N.E.2d at 217–218:

"This court's decisions in *Humphry v. Riverside Methodist Hosp.* (1986), 22 Ohio St.3d 94, 22 OBR 129, 488 N.E.2d 877; *Nelson v. Toledo Oxygen & Equip. Co.* (1992), 63 Ohio St.3d 385, 588 N.E.2d 789; and *Dayton Women's Health Ctr.* [*v. Enix* (1990), 52 Ohio St.3d 67, 555 N.E.2d 956], *supra,* represent additional examples of the reasons it is necessary for us to return to a more predictable and exacting method of determining what constitutes an order that is entered in a special proceeding. In these cases, the *Amato* balancing test was applied to lead to the following disparate conclusions: a discovery order compelling the disclosure of confidential information was a special proceeding and immediately appealable (*Humphry* ); an order determining that an action shall or shall not be maintained as a class action was entered in a special proceeding (*Dayton Women's Health Ctr.*); and an order compelling the production of documents allegedly subject to the work-product exemption was not made in a special proceeding and was not a final appealable order (*Nelson* ). The court's application of the balancing test varied with each case, proving that it is impossible to ensure the objective application of subjective criteria. *Accordingly, in the interests of justice, clarity, and judicial economy, we find that it is time to abandon the balancing test and return to the method of determining what constitutes a special proceeding that was in use prior to Amato. We believe a more exacting method of analysis practiced by our juristic predecessors will result.*

"In the case before us, we are asked to decide whether the order denying appellants' motions to dismiss a shareholder derivative suit on the grounds that appellees failed to make the requisite prelitigation demand upon the directors is an order entered in a special proceeding. *Employing our 'new' method of analysis, we ask first whether shareholder derivative suits were recognized in equity, at common law, or established by special legislation.* See * * * *Watson* [*& Co. v. Sullivan* (1855) ] *supra,* 5 Ohio St. [42] at 44. We find that derivative suits originated more than one hundred years ago as actions in equity. *Ross v. Bernhard* (1970), 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729. Accordingly, shareholder derivative suits are among the procedures we consider 'civil actions.'

"*We look next at the nature of the relief sought. Appellees sought redress of an alleged wrong by filing a lawsuit in the court of common pleas. This is not a case wherein the aggrieved party filed a special petition seeking a remedy that was conferred upon that party by an Ohio statute nor is it a proceeding that represents what is essentially an independent judicial inquiry.* See [*In re*

*Estate of*] *Wyckoff* [ (1957) ], 166 Ohio St. [354] at 358, 2 O.O.2d [257] at 260, 142 N.E.2d [660] at 664. In examining the ultimate reviewability of the order, we find that the facts needed to analyze this precise issue will be unchanged by the ultimate disposition of the underlying action. The question of whether appellees complied with Civ.R. 23.1 will be preserved throughout this litigation. The underlying action can be distinguished from a special proceeding in that it provides for an adversarial hearing on the issues of fact and law which arise from the pleadings and which will result in a judgment for the prevailing party.

"Hence, we determine that orders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02. *Amato* is therefore overruled. Applying the analysis set forth herein, we find that the order denying appellants' motion to dismiss was interlocutory. The order was not entered in a special proceeding and could not be made the foundation of an independent appeal." (Footnote omitted.)

■ Any ordinary proceeding in a court of justice, by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, involving the process and pleadings, and ending in a judgment is an action. *In re Estate of Wyckoff* (1957), 166 Ohio St. 354, 2 O.O.2d 257, 142 N.E.2d 660. Criminal actions existed at common law and were not established by special legislation.

■ Second, the relief sought by the appellee was made pursuant to an ordinary motion filed in the pending criminal action brought by the state of Ohio against him in the Common Pleas Court of Greene County. The appellee did not file a special petition seeking a remedy that was conferred upon him by an Ohio statute nor is it a proceeding that represents what is essentially an independent judicial inquiry.

Applying the analysis of *Polikoff v. Adam* to the facts of this appeal, we find that the order granting the defendant-appellee access to the grand jury minutes was an interlocutory order, was not entered in a special proceeding, and could not be the foundation of an independent appeal.

Lacking jurisdiction to consider this appeal, the state's appeal is accordingly ordered dismissed.

*Appeal dismissed.*

WOLFF and FREDERICK N. YOUNG, JJ., concur.