USCHOLD, Exr., Appellee,

v.

COMMUNITY BLOOD CENTER, Appellant, et al.

[Cite as *Uschold v. Community Blood Ctr.* (1994), 98 Ohio App.3d 1.]

Court of Appeals of Ohio,
Montgomery County.

No. 14349.

Decided Feb. 18, 1994.

---

*Dwight D. Brannon & Assoc.* and *Dwight D. Brannon; Isaacs, Brant, Ledman & Teetor, J. Stephen Teetor* and *James M. Roper,* for appellee Ethel Uschold, Executor of the Estate of Paul J. Uschold, deceased.

*Rendigs, Fry, Kiely & Dennis, Thomas M. Evans* and *Felix Gora,* for appellant Community Blood Center.

*Bieser, Greer & Landis* and *John F. Haviland,* for defendants Good Samaritan Hospital and Health Center and Kendall Kane, M.D.

*Jenks, Surdyk & Crowdrey Co., L.P.A.,* and *Susan Blasik–Miller,* for defendants Siavosh Boxorgi, M.D., and Ohio Cardiothoracic and Vascular Surgeons, Inc.

*Per Curiam.*

This matter is before us on an appeal by Community Blood Center ("CBC") from an order of the trial court that required CBC to identify the donor of blood that contained human immunodeficiency virus ("HIV") and that denied CBC's motion for a confidentiality order regarding that information.

On January 19, 1993, we issued an order requiring CBC to show cause why the appeal should not be dismissed for lack of jurisdiction, since it appeared to us that the order appealed from was not a final appealable order pursuant to R.C. 2505.02, as recently interpreted by the Supreme Court of Ohio in *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, and *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 616 N.E.2d 181.

We allowed CBC fourteen days to respond, and granted the appellee additional time to reply to CBC's response. Both parties timely filed memoranda.

This court has already held that in light of *Polikoff,* an order to compel discovery in a medical malpractice action is not a final appealable order. *Cotterman v. Lowe* (Jan. 24, 1994), Miami App. No. 93–CA–48, unreported. We have also found that *Polikoff* mandates that an order granting a defendant access to grand jury minutes is not a final appealable order. *State v. Myers* (1994), 92 Ohio App.3d 750, 637 N.E.2d 92.

In both *Cotterman* and *Myers,* our decision was grounded upon our view of the holding of *Polikoff* that the determining factor whether an order was entered in a special proceeding is not the nature of the order, but rather the nature of the action from which the order arose.

The Hamilton County Court of Appeals has read *Polikoff* differently, and recently held that "it is the nature of the privilege, not the underlying cause of action, which must be examined [in order to decide whether the order appealed from was made in a special proceeding]." *Niemann v. Cooley* (1994), 93 Ohio App.3d 81, 88, 637 N.E.2d 943, 948. That court cited an earlier decision of this court which held that an order sustaining a motion to disqualify counsel is the result of an independent judicial inquiry that has nothing to do with the issues which arise from the pleadings or which will result in a judgment for the prevailing party, and was therefore a special proceeding. *Stevens v. Grandview Hosp.* (Oct. 20, 1993), Montgomery App. No. 14042, unreported, 1993 WL 420127. There, we relied upon the full opinion of *Polikoff,* not just its syllabus.

We do not, however, view discovery orders as special proceedings apart from the trial of the issues raised in the case. We acknowledge the anomaly pointed out by the Hamilton County Court of Appeals that the *Polikoff* syllabus, standing alone, would seem to require that "if an order compelling disclosure of privileged

material were made in a wrongful death action, which is statutory, it would be made in a special proceeding, but the same order in a common-law negligence action would not be." *Niemann, supra,* 93 Ohio App.3d at 88, 637 N.E.2d at 948. However, this anomaly will have to be resolved, if at all, by the Supreme Court or the General Assembly.

We adhere to our previous decisions and conclude that the order appealed from was not entered in a special proceeding and is therefore not appealable.

For lack of jurisdiction, the appeal is ordered DISMISSED.

We find our decision to be in conflict with the decision of the Hamilton County Court of Appeals in *Niemann, supra,* and we therefore invite counsel to consider moving us to certify the case to the Supreme Court of Ohio.

*Appeal dismissed.*

BROGAN, FAIN and FREDERICK N. YOUNG, JJ., concur.

## ON MOTION TO CERTIFY CONFLICT

### Decided Mar. 2, 1994

*Per Curiam.*

This matter comes before the court on appellant's motion to certify the record in this case to the Supreme Court of Ohio as being in conflict with the decision of another appellate district. Appellant asserts, and we agree, that our judgment in this appeal is in conflict with a judgment of the First District Court of Appeals in *Niemann v. Cooley* (1994), 93 Ohio App.3d 81, 637 N.E.2d 943.

In *Niemann v. Cooley,* the First District Court of Appeals held that in determining whether an order has been entered in a special proceeding, a court must examine the nature of the privilege asserted, not the nature of the underlying cause of action. That appellate court held that *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, cannot be read so narrowly as to preclude appeals involving privileged information requested in discovery proceedings. We have held that in light of *Polikoff v. Adam,* whether an order has been entered in a special proceeding is determined not by the nature of the order, but rather by the nature of the action from which the order arose. We reaffirmed our view of *Polikoff* in the present appeal and find that view in conflict with the decision of the First District Court of Appeals in *Niemann v. Cooley, supra.*

Having found that a conflict exists, we certify to the Supreme Court of Ohio for review and final determination the following questions:

**4**

1. In light of *Polikoff v. Adam, supra,* is the finality of an order determined by the nature of the right or privilege affected by the order, or by the nature of the action from which the order arose?

2. In light of *Polikoff v. Adam, supra,* is an order that compels a litigant to disclose potentially privileged or confidential information a final order entered in a special proceeding when the action from which the order arose was not a special statutory proceeding?

*So ordered.*

BROGAN, FAIN and FREDERICK N. YOUNG, JJ., concur.