McHENRY et al., Appellees,

v.

GENERAL ACCIDENT INSURANCE COMPANY, Appellant.

[Cite as *McHenry v. Gen. Acc. Ins. Co.* (1995), 104 Ohio App.3d 350.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67481.

Decided June 5, 1995.

*Donald E. Caranova & Associates* and *Donald E. Caranova,* for appellees.

*James L. Glowacki* and *Christopher R. Claflin,* for appellant.

---

*Per Curiam.*

Upon review, we find that the instant matter must be dismissed for lack of a final appealable order pursuant to R.C. 2505.02.

■ The trial court's order denying appellant's motion for a protective order and granting appellees' motion to compel production of appellant's claims file constitutes an interlocutory appeal of a discovery order. Such order is neither final nor appealable pursuant to R.C. 2505.02, *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, and *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 635 N.E.2d 331, modifying *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 616 N.E.2d 181.

Consequently, we vacate Entry No. 53662 (Nov. 14, 1994) which granted appellant's motion for reconsideration of Entry No. 53294 (June 29, 1994) which previously dismissed its appeal for lack of a final appealable order pursuant to R.C. 2505.02.

For the foregoing reasons, we find we must once again dismiss this appeal and do so *sua sponte*.

■ Appellant may avoid alleged irreparable harm by moving the trial court for an *in camera* inspection of its files. The trial court is *obliged to provide* such inspection *prior to granting a motion to compel production* when issues of work product or attorney client privilege are raised. See *Peyko v. Frederick* (1986), 25 Ohio St.3d 164, 25 OBR 207, 495 N.E.2d 918, paragraph two of the syllabus.

*Appeal dismissed.*

HARPER and DYKE, JJ., concur.

JOHN T. PATTON, C.J., concurs separately.

PATTON, Chief Justice, concurring.

I agree that the trial court's order granting the motion to compel discovery of putatively privileged information is not a final order. I write separately, however, to state my belief that important policy reasons compel the conclusion that orders of this kind should be immediately appealable.

Pursuant to R.C. 2505.02, and as applicable in this case, a final order is an order affecting a substantial right and made in a special proceeding. There is no question that discovery disputes relating to privilege and work product are orders that affect a substantial right. *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181, 183–184. The issue is whether the order granting the motion to compel was made in a special proceeding.

In *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, the Supreme Court held that "orders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings." *Id.* at syllabus.

At least two courts have found issues raised in discovery proceedings to be final appealable orders. In *Niemann v. Cooley* (1994), 93 Ohio App.3d 81, 637 N.E.2d 943, the court considered this issue in the context of a court order requiring a clergyman to produce certain communications he made to his mental health counselors. The court found that if it applied the *Polikoff* test to the underlying negligence action, it would prohibit an appeal from the order and, in fact, prohibit appeals in any common-law suits. *Id.* at 87–88, 637 N.E.2d at 947–948. Concluding that the Supreme Court could not have intended such a result, the court held it would "read *Polikoff* to mean that it is the nature of the privilege, not the underlying cause of action, which must be examined * * *." *Id.* Since the privileges asserted were all statutory, the court determined that the order appealed from was one made in a special proceeding for purposes of R.C. 2505.02.

A panel of this court followed the same line of reasoning in *Arnold v. Am. Natl. Red Cross* (1994), 93 Ohio App.3d 564, 639 N.E.2d 484, in holding that an order compelling the disclosure of a blood donor's name was made in a special proceeding. Applying then-existing precedent from *Bell, supra,* the panel found it incongruous that a party could appeal a discovery order compelling disclosure of confidential or privileged materials conferred upon a party pursuant to a statute in a prejudgment interest case, but could not bring an appeal in the underlying medical malpractice action. *Id.* at 573, 639 N.E.2d at 489–490. As in *Niemann,* the court held that a discovery order compelling disclosure of privileged or confidential information should be considered in light of the specific statute conferring the privilege. *Id.* at 574, 639 N.E.2d at 490.

The court reached the opposite conclusion in *Uschold v. Community Blood Ctr.* (1994), 98 Ohio App.3d 1, 647 N.E.2d 816. Explicitly disagreeing with *Niemann,* the court found discovery orders are not special proceedings apart from the trial of the issues raised in the case. *Id.* at 2, 647 N.E.2d at 816–817. Similarly, in *Cramer v. Greene Cty. Bd. of Edn.* (Aug. 26, 1994), Greene App. No 94CA69, unreported, 1994 WL 447676, the court found that a discovery order requiring a defendant to answer interrogatories over objections based on his Fifth Amendment right against self-incrimination was not a final appealable order under *Polikoff.* The court found that discovery orders are interlocutory in nature and are not special proceedings apart from the trial of the issues in the case. Although it dismissed the appeal, the court noted that applying *Polikoff* forces a defendant asserting an important constitutional right either to surrender that right or face contempt charges for failing to provide court-ordered discovery.

Clearly, issues related to court-ordered discovery of putatively privileged information raise important concerns that should be addressed in interlocutory appeals. As *Cramer* noted, the party seeking to protect the privilege must either

surrender that privilege or face contempt charges. Although a party may have an immediate appeal from a contempt citation which actually imposes a fine or penalty, this places a party in the untenable position of having to choose punishment over a privilege.

I reluctantly agree that *Polikoff* prevents us from reaching the merits of this appeal because an order denying a motion for a protective order is not a special proceeding. However, I believe that the facts of this case present excellent reasons why discovery orders like those involved here should be immediately appealable.

The issue raised by this appeal is whether the trial court has the obligation to conduct an *in camera* hearing in response to a party's assertion of privilege or work product. This court correctly notes that a trial court has no discretion to refuse a request to conduct an *in camera* inspection upon the assertion of a privilege. I believe, however, that the law goes farther and requires the trial court to conduct an *in camera* inspection regardless of whether the party seeking a protective order on grounds of privilege or work product explicitly requests one.

In *Peyko v. Frederick* (1986), 25 Ohio St.3d 164, 25 OBR 207, 495 N.E.2d 918, paragraph two of the syllabus states:

"If the defense asserts the attorney-client privilege with regard to the contents of the 'claims file,' the trial court *shall* determine by *in camera* inspection which portions of the file, if any are so privileged. The plaintiff shall be granted access to the non-privileged portions of the file." (Emphasis added.)

In *Aetna Cas. & Sur. Co. v. Desprez* (Feb. 5, 1987), Cuyahoga App. No. 52634, unreported, 1987 WL 6120, we considered a fact pattern identical to that presented in this case. Relying on *Peyko,* we stated:

"When appellant asserted that the entire contents of its 'claims file' contained protected work product, the trial court should have conducted an *in camera* inspection to determine which portions of the file, if any, were protected * * *."

Clearly, *Peyko* presupposes the trial court will conduct the inspection as part of its consideration of the motion for a protective order. It is difficult to imagine how the trial court could give meaningful consideration to a party's claims of privilege without inspecting those items alleged to be covered by the privilege.

I believe *Peyko* also assumes that the *in camera* inspection should be conducted in order to protect the party asserting the privilege from harassment and fishing expeditions. Without mandatory review, an opposing party may believe that it has carte blanche to request any and every document held by the party

asserting a privilege. This case provides an excellent illustration. Besides the "entire claims file for this case," appellees requested copies of any initial reports, copies of any status or interim reports, a copy of any investigative reports, a copy of the procedural manual for handling claims, a copy of the organization chart of the claims office, a copy of the organization chart showing the interface between sales, operations and underwriting, and a copy of any and all training materials.

Although the party seeking a protective order always bears the initial burden of showing why the material should be excluded from an order compelling discovery, *Waldmann v. Waldmann* (1976), 48 Ohio St.2d 176, 178, 2 O.O.3d 373, 375, 358 N.E.2d 521, 522–523, I believe that appellant has carried its burden of showing the existence of a bona fide concern for its work product and privileged materials.

First, regarding the claim for bad faith refusal to pay insurance proceeds, appellant has admitted coverage under the uninsured motorists provisions of the policy. In its motion for a protective order, appellant stated, "[t]he only justiciable controversy before this Court at present is the amount, if any, that Plaintiff is entitled to recover under the applicable policy." It therefore appears that the request for the "entire claims file" is not intended to lead to information relevant to the case.

Second, appellee is a claims manager for a rival insurance company. Appellant's reluctance to divulge work product and privileged matters directly related to its organization is clearly warranted, especially where it appears that the documents requested bear no relation to the bad faith refusal to defend claim. On these facts, I can only conclude that the discovery request is nothing more than a fishing expedition.

Despite the existence of bona fide reasons justifying the protections afforded by an *in camera* review and demonstrable prejudice from the lack of an *in camera* inspection, *Polikoff* prevents us from reviewing the merits of this appeal. *Polikoff* intended to set out a bright-line test for final orders, in part to avoid confusion and uneven application of the test. *Id.* at 103, 616 N.E.2d at 215. It achieved this goal with clarity, if not foresight. While I agree in principle with *Niemann* and *Arnold* and their wish to make these discovery orders immediately appealable, I find their attempts to distinguish *Polikoff's* definition of a special proceeding to be illusory. We must accept the fact that the Supreme Court meant what it said. For better or worse, discovery issues like those presented in this case are controlled by *Polikoff* until a more workable solution can be reached. Accordingly, I concur with the court's finding that we lack a final appealable order.