OPINION AND JOURNAL ENTRY
This cause comes on appeal from a July 12, 2001 judgment of Common Pleas Court which states in full:
 "The Court finding that all matters submitted for in camera inspection are discoverable under the Ohio rules of civil procedure, counsel for defendant to provide copies. 152 pages of discoverable documents were submitted to this court."
Initially, this Court must determine whether such order is an appealable order under R.C. 2505.02(B). A final order under that section must be one of the following:
"(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
"(3) An order that vacates or sets aside a judgment or grants a new trial;
"(4) An order that grants or denies a provisional remedy and to which both of the following apply;
"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
"* * *
"(5) An order that determines that an action may be or may not be maintained as a class action."
Significant changes were made to the statutory section defining final orders effective July 22, 1998, with the inclusion of provisional remedies within the class of orders allowing for immediate review.
On August 27, 2001, this Court issued an order to appellant directing it to submit a brief description of the type of material which was submitted for in camera inspection, to aid this Court in the determination of the jurisdictional issue presented.
Appellee, James Wilson, filed a motion to dismiss this appeal, arguing that the discovery order appealed is not a final appealable order, citing to State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420. In addition, appellee points out that appellant's reliance on R.C. 2305.251, which provides that "An order by a court to produce for discovery or for use at trial the proceedings or records described in this section is a final order," is invalid. Such language was added to the statute by H.B. 350 (1996), which was later ruled unconstitutional in toto by the Ohio Supreme Court in State ex rel. Ohio Academy of Trial Lawyers v. Sheward
(1999), 86 Ohio St.3d 451.
On September 10, 2001, appellant filed a description of the materials submitted for in camera inspection. In general the materials comprised the credentialling file pertaining to Richard B. Phillips, M.D. Thereafter, on September 14, 2001, appellant filed a memorandum in opposition to the motion to dismiss. It is appellant's view that the applicable section of R.C. 2305.251 had been subsequently re-enacted by H.B. 511 and S.B. 111. Moreover, the Third Appellate District has recently implied that that section allows for the immediate review of an order granting discovery of peer review records under R.C. 2305.251. SeeGupta M.D. v. The Lima News (Feb. 5, 2001), Allen App. No. 1-99-83, unreported. The Gupta trial court ordered a stay of a motion to compel discovery of peer review records involving Dr. Gupta's staff privileges and further ordered an in camera inspection to determine which evidence was discoverable pursuant to statute. The appeal was taken from the stay order. The Gupta court reasoned at page 3:
 "In the present case, it would only be after this in camera inspection and the trial court's subsequent order compelling disclosure that Appellant's substantial rights would be implicated. If the trial court herein determines that all of the information is privileged, any issues that may have been the subject of an appeal would be rendered moot. Conversely, if some information is determined to be subject to disclosure, a further appeal could be pursued.
"Because the trial court's order of an in camera inspection does not affect a substantial right as defined by the statute, it does not satisfy the requirements of R.C. 2505.02(B)(1) or (2). Additionally, even assuming, arguendo, that the trial court's order is a provisional remedy, R.C. 2505.02(B)(4)(a), (b) nonetheless operate to preclude appellate review at this juncture.
"Accordingly, the trial court's order is not a final appealable order pursuant to R.C. 2305.251 or R.C. 2505.02 and, therefore, we must dismiss this appeal for lack of jurisdiction."
With the above background information we now proceed to an analysis of whether the July 12, 2001 judgment is a final appealable order.
The underpinning of the claim of confidentiality is R.C. 2305.251. That statute recites in pertinent part:
 "Proceedings and records within the scope of the peer review or utilization review functions of all review boards, committees, or corporations described in section 2305.25 of the Revised Code shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care professional, a hospital, a long-term care facility, a not-for-profit health care corporation that is a member of a hospital or long-term care facility or of which a hospital or long-term facility is a member, or another health care entity arising out of matters that are the subject of evaluation and review by the review board, committee, or corporation. * * * documents, or records otherwise available from original sources are not to be construed as being unavailable for discovery or for use in any civil action merely because they were presented during proceedings of a review board, committee, or corporation, nor should any person testifying before a review board, committee, or corporation or who is a member or employee of the review board, committee, or corporation be prevented from testifying as to matters within the person's knowledge, but the witness cannot be asked about the witness's testimony before the review board, committee, or corporation or an opinion formed by the witness as a result of the review board, committee, or corporation hearing. An order by a court to produce for discovery or for use at trial the proceedings or records described in this section is a final order."
The last sentence specifically providing for discovery of peer review records as being a final order was enacted by 1996 H.B. 350. That legislative act was declared unconstitutional in toto in Sheward, supra. Contrary to appellant's assertion, the invalidated final order sentence has not been re-enacted by 2000 H.B. 511, effective April 10, 2001 or 1997 S.B. 111, effective March 17, 1998. The former merely included "long-term care facility" in the statute and the latter deleted references to the department of rehabilitation and correction and the department of mental health and made other minor non-substantive changes. Consequently, this Court may not rely on R.C. 2305.251 to determine whether a final order has been issued.
As a general rule discovery orders are neither final or appealable.State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420. Klein v.Bendix-Westinghouse Co. (1968), 13 Ohio St.2d 85. However, the revision to R.C. 2505.02 was borne out of several cases wherein courts of appeals questioned the appealability of judgments requiring disclosure of sensitive information. Walters v. The Enrichment Ctr. Of Wishing Well,Inc. (1997), 78 Ohio St.3d 118 (bad faith report of suspected child abuse.) Uschold v. Community Blood Ctr. (1994), 98 Ohio App.3d 1
(disclosure of an HIV blood donor.)
The addition of provisional remedy and its definition was intended to prevent disclosure of confidential information. Once disclosed the harm could not be rectified nor could a meaningful or effective appeal be taken at the close of all proceedings.
Under R.C. 2505.02(A)(3):
 "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." (Emphasis added.)
Included in the itemized list of material in this case to be discovered is the following:
 "Review and analysis of credentialling file, quality assurance, utilization review, peer review findings, information on physician admission/surgical activity and continuing medical education activity generated as a portion of the credentialling/peer review and quality assurance process at Barnesville Hospital."
The findings of a peer review committee are confidential by statute. (R.C. 2305.251). Consequently, they are non-discoverable in any civil action against a health care professional or hospital. Appellant has a substantial right in the non-discovery of confidential information. Therefore, when a party demonstrates that a substantial right is implicated by a discovery order of confidential information, there is an immediate right to review of the discovery order. We find that the order of July 12, 2001, is a final appealable order under R.C. 2505.02.
Appellee's motion to dismiss is overruled. As appellant has already filed assignments of error and brief, appellee is granted thirty (30) days to file an answer brief.
Donofrio, J., concurs.
Vukovich, J., concurs.
Waite, J., concurs.