DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} In June 2008, the trial court held unconstitutional the State of Ohio's method of execution by lethal injection. The State moved for leave to appeal, and Ruben Rivera and Ronald McCloud, the defendants in the two criminal cases before the trial court, cross-appealed. This Court granted the State's motion for leave to appeal, and the parties filed briefs. Although both parties raised numerous assignments of error challenging the trial court's decision, this Court dismisses the appeals because the trial court's order is not a final, appealable order.
 BACKGROUND {¶ 2} Mr. Rivera was indicted in August 2004 for multiple offenses, including aggravated murder with a death specification. Over two years later, he sought to have the death *Page 2 
specification dismissed from the indictment, arguing that Ohio's method of lethal injection is unconstitutional.
 {¶ 3} Mr. McCloud was indicted in July 2005 for multiple offenses, including aggravated murder with a death specification. His case is unrelated to Mr. Rivera's case, except that they both face the death penalty. In July 2007, Mr. McCloud moved to join Mr. Rivera's motion challenging the death penalty. The trial court denied the motion to join Mr. Rivera's motion, but considered the motion as one requesting the same relief Mr. Rivera sought. The court ordered that both defendants would participate in hearings and appointed one of Mr. Rivera's attorneys to also represent Mr. McCloud.
 {¶ 4} As relevant to this appeal, the two cases proceeded together, with Mr. Rivera's case and counsel taking the lead. For clarity of discussion, this Court will refer to Mr. Rivera singularly, although the analysis applies to both cases.
 {¶ 5} The trial court held multiple hearings on the motion, and the parties briefed the issue extensively. In June 2008, the trial court held that, to the extent Section 2949.22 of the Ohio Revised Code authorizes a combination of drugs for lethal injection, it is unconstitutional. The court severed that language from the statute and ordered the Ohio Department of Rehabilitation and Corrections to modify its lethal injection protocol accordingly. The order not only discussed this case in particular, but also included a number of sweeping general statements. Nevertheless, the final paragraph — captioned "ORDER" — specifically addressed this case when it ordered that the words "combination of drugs" be severed from Section 2949.22 and, "if defendants herein are convicted and sentenced to death by lethal injection, that the protocol employ the use of a lethal injection of a single, anesthetic drug." *Page 3 
 {¶ 6} In July 2008, after the appeals were filed, the trial court entered another order to clarify that the June order will only apply if the defendants are convicted and the death sentence imposed. The July order has no effect on this Court's analysis because it simply restates explicitly what the June order concluded less clearly. Because the July order makes no substantive changes to the June order on appeal, this decision only refers to the June order.
 {¶ 7} The State moved for leave to appeal the trial court's order, and the defendants cross-appealed. This Court granted the State's motion, subject to further review by the panel assigned to the case. Mr. Rivera argued in his brief that this Court should not have granted the State's motion for leave to appeal because the trial court's order is not a final appealable order. At oral argument, Mr. Rivera's counsel repeated this argument and added that the defendants' cross-appeals relied upon the validity of the State's appeal. In other words, he agreed that if this Court dismisses the State's appeal as taken from a non-final order, the cross-appeals should also be dismissed.
 FINAL, APPEALABLE ORDER {¶ 8} Under Article IV Section 3(B)(2) of the Ohio Constitution, "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district. . . ." Section 2501.02 of the Ohio Revised Code defines the jurisdiction of the courts of appeal: "In addition to the original jurisdiction conferred by Section 3 of Article IV, Ohio Constitution, the court shall have jurisdiction upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district, including the finding, order, or judgment of a juvenile court that a child is delinquent, neglected, abused, or dependent, for prejudicial error committed by such lower *Page 4 
court." Both grants of jurisdiction require that, in order to be appealable, a trial court's order must be final. "If an order is not final, then an appellate court has no jurisdiction." Gehm v. TimberlinePost Frame, 112 Ohio St. 3d 514, 2007-Ohio-607, ¶ 14, (quotingGen. Acc. Ins. Co. v. Ins. Co. of N. Am., 44 Ohio St. 3d 17, 20 (1989)).
 {¶ 9} Under Section 2505.02 of the Ohio Revised Code, "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment[,] . . . [a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[,] . . . [or a]n order that vacates or sets aside a judgment or grants a new trial" "is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial." R.C. 2505.02(B)(1)-(3). Under Section 2505.03(A) of the Ohio Revised Code, "[e]very final order, judgment, or decree of a court . . . may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction."
 {¶ 10} By statute, the State may appeal specific orders. Section 2945.67(A) of the Ohio Revised Code allows a "prosecuting attorney . . . [to] appeal as a matter of right any decision of a trial court in a criminal case . . . which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case
 {¶ 11} Section 2945.67(A) applies only to criminal cases, dealing with procedural issues that occur only in criminal cases. It draws a distinction between an appeal as of right and an appeal by leave of court. The statute identifies four trial court orders the State may appeal as a matter of right, none of which is present in this case. A trial court order other than one of those *Page 5 
four may be appealed only if the order is final under Section 2505.02
and the appellate court grants leave. Whether to grant the State's motion for leave to appeal from a final order in a criminal case is solely within this Court's discretion. State v. Matthews,81 Ohio St. 3d 375, 378 (1998). The State has offered three theories in support of its argument that the trial court's order is final.
 Declaratory Judgment {¶ 12} The State has argued that the trial court's order is, in essence, a declaratory judgment. The procedure for declaratory judgments is set out in Chapter 2721 of the Ohio Revised Code. Under Section 2721.02(A), "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. . . ." The Ohio Supreme Court has held that "[t]he purpose of the Uniform Declaratory Judgments Act is to provide procedural means to settle controversies and to afford relief from uncertainty with respect to rights, status and other legal relations." Travelers Indem. Co. v.Cochrane, 155 Ohio St. 305, 312 (1951). A declaratory judgment is a civil action. State v. Brooks, 133 Ohio App. 3d 521, 524 (1999). It is filed by one party against another to obtain a declaration of their rights, status, or relations.
 {¶ 13} A court cannot enter a declaratory judgment in a criminal case because the indictment invokes the trial court's jurisdiction over a criminal matter, not to issue a declaratory judgment. Not surprisingly, the parties have not cited any case that has considered whether a trial court, sitting in a criminal case, could grant a declaratory judgment. The closest decisions have held that a "declaratory judgment action is simply not part of the criminal appellate process." Moore v. Mason, 8th Dist. No. 84821, 2004-Ohio-1188, ¶ 14; Brooks, 133 Ohio App. 3d at 525. *Page 6 
 {¶ 14} Attempting to apply declaratory judgment procedure in this case demonstrates the problem with this argument. Three years after he was indicted, Mr. Rivera filed a pleading captioned "Motion to declare the death penalty unconstitutional due to lethal injection constitutes cruel and unusual punishment." (Docket number 207). While the caption used the word "declare," the body of the motion asked the trial court to dismiss the part of the indictment that elevated the potential penalty from life in prison to death. The motion did not cite either the declaratory judgment statute or the Ohio Rules of Criminal Procedure as authority for the trial court to act. Over the following months, pleadings and orders were filed that referred to Defendant's motion to declare the death penalty unconstitutional. But neither a party nor the trial court can create a declaratory judgment simply by assigning that title to a motion.
 {¶ 15} Notwithstanding the name Mr. Rivera assigned to his motion, the relief he requested was not a declaration that the death penalty is unconstitutional. Instead, he sought an order that dismissed the death penalty specifications from the indictment because, he argued, Ohio's lethal injection protocol was unconstitutional. The Ohio Rules of Criminal Procedure provide a procedure to settle controversies between the parties, and the large number of motions Mr. Rivera filed demonstrated that he was well acquainted with those rules. Rule 12(C) of the Ohio Rules of Criminal Procedure authorizes a party to "raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." This is precisely what Mr. Rivera did. The trial court's ruling on the motion could not convert Mr. Rivera's common pretrial motion into a declaratory judgment. Mr. Rivera made this point clear in a Reply Memoranda he filed in July 2007, in which he argued:
 "Mr. Rivera does not ask this Court for a declaration that Ohio's current method of carrying out executions is cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and of Article 9, Section I of the Ohio Constitution and that, therefore, any death *Page 7 
sentence he might receive cannot be carried out under the current protocol. That is essentially the position of Richard Cooey and the other death row inmates who are part of the lethal injection litigation in federal court, but it is not his. Rather, he asks this Court to remove death as a sentencing option in this case because the only current method of executing prisoners in Ohio is by a punishment which is unconstitutional and, therefore, imposing a death sentence would [be] imposing the infliction of a cruel and unusual punishment."
(docket number 239) (footnote omitted). The memorandum continues by noting that there are a number of other pretrial motions defendants in capital cases routinely file in an effort to remove the death penalty as a possible sentence (for example, arguing that the death penalty violates international law). If this Court accepted the State's argument — that the trial court's order in this case was a declaratory judgment — the same analysis would apply to every pretrial decision on one of these routine motions challenging the death penalty. Each of these orders would constitute a declaratory judgment because the order would declare the rights of the parties regarding the death penalty. The State certainly could not intend that result by its argument. And the trial court's ruling on each of these motions would not be a declaratory judgment.
 {¶ 16} In addition, a declaratory judgment may be filed only to decide "an actual controversy, the resolution of which will confer certain rights or status upon the litigants." Mid-American Fire and Cas. Co. v.Heasley, 113 Ohio St. 3d 133, 2007-Ohio-1248, at ¶ 9 (quoting Corron v.Corron, 40 Ohio St. 3d 75, 79 (1988)). There must be an actual controversy; the plaintiffs question must be ripe, not contingent on the happening of a future event, and the threat must be actual and genuine, not merely possible.
 {¶ 17} At the time the trial court made its decision, there was no actual controversy. The June 2008 order was drafted so that it applied only "if defendants herein are convicted and sentenced to death by lethal injection. . . ." Mr. Rivera has yet to be tried. At the time of the order, there existed only the possibility that he would be tried, found guilty of aggravated murder *Page 8 
and the death specification, receive a recommendation of death from the jury, and have the trial court enter a sentence of death. In the context of a declaratory judgment, there exists no present actual controversy, only a contingent future event. If this Court were to find that this action constitutes a declaratory judgment, it would be akin to allowing an insured to bring a declaratory judgment action against his automobile insurer seeking an order that the insurer would be liable for damages should the insured at some later date be involved in an automobile collision and found at fault. Again, this result is unreasonable.
 {¶ 18} The trial court's order is not a declaratory judgment. Accordingly, the order is not a final, appealable order based on the State's declaratory judgment theory.
 Provisional Remedy {¶ 19} The State has next argued that the trial court's order is final and appealable because it granted a provisional remedy. Under Section 2505.02(B)(4), an order granting or denying a provisional remedy is a final order if both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
Section 2505.02(B)(4) sets forth a three-pronged test for determining whether a decision granting or denying a provisional remedy is a final order. State v. Muncie, 91 Ohio St. 3d 440, 446 (2001).
 {¶ 20} The first prong asks whether the proceeding is a provisional remedy. Section 2505.02(A)(3) defines "provisional remedy" as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged *Page 9 
matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code." An ancillary proceeding is "one that is attendant upon or aids another proceeding." Muncie, 91 Ohio St. 3d at 449 (quoting Bishop v. DresserIndus. Inc, 134 Ohio App. 3d 321, 324 (1999)). For example, orders appointing a receiver, Forest City Inv. Co. v. Haas, 110 Ohio St. 188,192 (1924), and requiring forced medication of an incompetent criminal defendant, Muncie, 91 Ohio St. 3d at 450, are provisional remedies ancillary to the underlying actions. On the other hand, the Ohio Supreme Court has held that a motion to intervene for the purpose of establishing a record in a separate action is not ancillary to the underlying proceeding, and, accordingly, not a provisional remedy.Gehm v. Timberline Post Frame, 112 Ohio St. 3d 514, 2007-Ohio-607, paragraph one of the syllabus.
 {¶ 21} In In re A.J.S., 120 Ohio St. 3d 185, 2008-Ohio-5307, the Ohio Supreme Court recently applied the three-prong test. It concluded that a mandatory bindover hearing for a juvenile was ancillary to grand jury proceedings and to the adult criminal prosecution "[b]ecause it aids the juvenile court in determining whether it has a duty to transfer jurisdiction to the general division for criminal proceedings. . . ." Id. at ¶ 23. Accordingly, the Court concluded that the mandatory bindover hearing was a provisional remedy.
 {¶ 22} The trial court's proceeding in this case is not of the same character as other hearings determined to be ancillary and, therefore, provisional remedies. Here the trial court created a proceeding when none was authorized by law. The bindover hearing reviewed inA.J.S. arose from a statutory scheme as part of a comprehensive juvenile court process. A bindover hearing — like the appointment of a receiver or the forced medication of an incompetent criminal *Page 10 
defendant — allows the case to proceed in an orderly manner. The trial court's hearing on the constitutionality of Ohio's death penalty had no effect on whether or how the underlying case would continue, except that it interrupted the orderly administration of justice. Upon review of the trial court's decision, and the extensive record created to allow the trial court to enter its judgment, this Court must conclude that the trial court's proceeding was not ancillary to the underlying criminal case. Accordingly, there exists no provisional remedy in this case.
 {¶ 23} If there is no provisional remedy, this Court need not review the second and third prongs of the test, both of which require the existence of a provisional remedy for further analysis. Sinnott v.Aqua-Chem Inc., 116 Ohio St. 3d 158, 2007-Ohio-5584, ¶ 16. Because there is no provisional remedy, the trial court's order is not final and appealable based on this argument.
 Special Proceeding {¶ 24} The Ohio Supreme Court noted almost four decades ago that "courts have not been eager to permit enterprising counsel to ease into the appellate chair by attaching to their various causes the appellation `special proceeding.' This judicial reluctance has an obvious and sound foundation." State v. Collins, 24 Ohio St. 2d 107, 108 (1970).
 {¶ 25} Section 2505.02(B)(2) defines an order as final if it is made in a special proceeding and it affects a substantial right. According to Section 2505.02(A)(2), a special proceeding is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." "Orders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02. (Amato v. Gen. Motors Corp.
[1981], 67 Ohio St. 2d 253, 21 O.O.3d 158, 423 N.E.2d 452, overruled.)"Polikoff v. Adam, *Page 11 67 Ohio St. 3d 100 (1993), syllabus. For example, workers' compensation did not exist at common law or in equity, but was established by legislation and, thus, workers' compensation actions fit within the definition of a special proceeding. Myers v. Toledo, 110 Ohio St.3d 218, 2006-Ohio-4353, ¶ 15.
 {¶ 26} A criminal case is not a special proceeding. "Any ordinary proceeding in a court of justice, by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, involving the process and pleadings, and ending in a judgment is an action. Criminal actions existed at common law and were not established by special legislation."State v. Myers, 92 Ohio App. 3d 750, 754 (1994) (citation omitted).
 {¶ 27} "Turning to R.C. 2505.02(B)(2), an order affecting a substantial right made in a special proceeding, the legislature adopted the definition of special proceeding set forth in Polikoff, which instructed courts to address the special proceeding prong and then, only if that prong is met, to proceed to the question of whether substantial rights are affected. A criminal action does not fit the definition of a special proceeding as set forth in R.C. 2505.02(B)(2) because it was not specially created by statute and was in existence prior to 1853.State v. Saadey (June 30, 2000), 7th App. No. 99 CO 49, 2000 WL 1114519, at 2." State v. Whaley, 11th Dist. No. 2005-T-0118, 2006-Ohio-490, at ¶ 21; see also State v. Williams, 6th Dist. Nos. L-03-1070, L-03-1071, 2003-Ohio-2533, at ¶ 25. Because a criminal case is not a special proceeding, the trial court's decision is not a final, appealable order under this theory.
 {¶ 28} In its Statement of Jurisdiction, the State focused more narrowly on Section 2949.22, which creates a right to a quick and painless death, and argued that this section constituted a special proceeding because the right to a quick and painless death was purely *Page 12 
statutory and was unavailable at common law. The State focused on the statutory right and the trial court's order, not the action. InWalters v. The Enrichment Ctr. of Wishing Well Inc., 78 Ohio St. 3d 118,121 (1997), the Supreme Court clarified Polikoff by holding that the determining factor is whether the "action" was recognized at common law or in equity, not whether the "order" was recognized. The focus of the analysis must be on the underlying action.
 {¶ 29} There is no "action" for a quick and painless death. Section 2949.22(A)
 does not provide for a remedy to be sought through "an original application to a court for a judgment or an order" (Ely, 56 Ohio St. at 407, 47 N.E. at 538), it does not authorize "a special application to a court to enforce" a right (Schuster, 84 Minn. at 407, 87 N.W. at 1015), and it does not provide for what is "essentially an independent judicial inquiry" (Wyckoff, 166 Ohio St. at 358, 2 O.O.2d at 260, 142 N.E.2d at 664).
Stevens v. Ackman, 91 Ohio St. 3d 182, 188 (2001). It does not create a special proceeding under this theory.
 CONCLUSION {¶ 30} The trial court's June 2008 order is not a final, appealable order. After a review of the record, this Court concludes that leave to appeal was improvidently granted. Accordingly, the State's appeal is dismissed. This Court further agrees with Messrs. Rivera and McCloud's representation at oral argument that their appeal must also be dismissed for lack of a final, appealable order. Accordingly, the appeals are dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the *Page 13 
period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellants.