**[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 236.]**

IN RE GRAND JURY.

**[Cite as *In re Grand Jury*, 1996-Ohio-399.]**

*Appellate procedure—Final appealable order—Denial of a motion to quash a grand jury subpoena decus tecum is not a special proceeding under R.C. 2505.02.*

(No. 95-1334—Submitted June 4, 1996—Decided August 7, 1996.)

APPEAL from the Court of Appeals for Washington County, Nos. 93CA09, 93CA10 and 93CA12.

———————————

{¶ 1} Attorney James F. Dunn represented appellant Samuel Metz against charges of juvenile delinquency by reason of aggravated murder, aggravated robbery, and aggravated burglary. In the course of representing Metz, Dunn secured a taped recording of appellant Michael Elkins, Metz's friend, allegedly confessing to the aggravated murder with which Metz was charged.[1] Dunn revealed the contents of the tape to prosecutors during plea negotiations on behalf of Metz.

{¶ 2} Thereafter, prosecutors issued two subpoenas *duces tecum* to Dunn on separate occasions requiring him to appear before the Washington County Grand Jury and produce the tape. Although he appeared before the grand jury both times, Dunn refused to produce the tape or to answer any questions about it, alleging that such information was protected by the attorney-client privilege and the work product doctrine.

{¶ 3} Elkins's attorney filed a motion to quash the subpoena while the prosecutor filed a "Memorandum in Support of Subpoena and Motion for In

---

1. Appellee notes that the record in Washington County Common Pleas Court case No. 95 CR 82 reflects that Elkins pled guilty to the aggravated murder, aggravated robbery, and aggravated burglary at issue.

Camera Hearing," which was, essentially, a motion to compel Dunn to produce the tape and answer questions before the grand jury. The trial court found that there was no attorney-client relationship between Elkins and Dunn and, consequently, the tape was not privileged material. The trial court also rejected Dunn's argument that the tape was protected work product. Based on these findings, the court overruled Elkins's motion to quash, granted the prosecutor's motion to compel, and ordered Dunn to produce the tape and to answer questions in regard to it. Ultimately, the trial court held Dunn in the Washington County Jail for contempt of the court's order when Dunn continued to refuse to produce the tape.

{¶ 4} Elkins and Metz appealed the trial court's order denying the motion to quash and Dunn appealed the trial court's order holding him in contempt. The Fourth District Court of Appeals dismissed the appeals of both Metz and Elkins. The court held that Metz's appeal failed for lack of standing because he was not a party to the proceedings in the trial court. The court dismissed Elkins's appeal for lack of a final appealable order, finding that the denial of a motion to quash a grand jury subpoena duces tecum was not a special proceeding under R.C. 2505.02. The court of appeals also held that the trial court did not abuse its discretion in holding Dunn in contempt.

{¶ 5} This cause is now before the court upon the allowance of a discretionary appeal.

_____

*Michael G. Spahr*, Washington County Prosecuting Attorney, *Allison L. Cauthorn-Kreiss* and *Kevin A. Rings*, Assistant Prosecuting Attorneys, for appellee state of Ohio.

*David H. Bodiker*, Ohio Public Defender, *Randall L. Porter* and *Randy D. Ashburn,* Assistant Public Defenders; and *Pamela Prude-Smithers*, Assistant Federal Public Defender, for appellant Michael Elkins.

*Warner & Warner Co., L.P.A.,* and *Roger Warner*, for appellant Samuel Metz.

————————————

**COOK, J.**

{¶ **6**} In this case, we revisit the issue of final appealable orders and, in so doing, affirm the court of appeals. In *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, at syllabus, we stated, "Orders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02." Grand jury proceedings, having existed at common law, are not "special proceedings," notwithstanding the fact that they have been codified. See *State ex rel Doerfler v. Price* (1920), 101 Ohio St. 50, 54, 128 N.E. 173, 175; R.C. 2941.02 *et seq*.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and STRATTON, JJ., concur.

————————————