OPINION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Lucas County Court of Common Pleas which denied appellant's motion for decertification of appellees' class action. Appellant, Chrysler Credit Corporation ("CCC"), raises the following as its assignments of error:
"A. Assignment of Error No. 1
 "AFTER CORRECTLY DETERMINING THAT INDIVIDUALIZED ISSUES PERTAINING TO AFFIRMATIVE DEFENSES, DAMAGES, COUNTERCLAIMS AND REMEDIES REQUIRE SEPARATE TRIALS, THE TRIAL COURT ERRED BY INVOKING CIV.R. 23(C)(4) TO CERTIFY FOR CLASS ADJUDICATION THE REMAINING `LIABILITY' ISSUES, WITHOUT CORRECTLY ANALYZING THE `PREDOMINANCE' PREREQUISITE SET FORTH IN CIV.R. 23(B)(3).
 "1. The Trial Court's Analysis Of The `Predominance' Issue Was Inherently Flawed Because It Excluded Proper Consideration And Weighing Of The Myriad Of Individual Issues Requiring Individual Adjudication.
 "2. The Trial Court's Bifurcation For Separate Mini-Trials of a Myriad of Issues, While Certifying for Class Adjudication The Remaining `Liability' Issues, Contravenes The Parties' Right To Trial By Jury Under Article I, Section 5 of the Ohio Constitution.
 "a. Article I, Section 5 of the Ohio Constitution
entitles parties to have facts and issues decided by a jury, and prohibits another jury from reexamining those same facts and issues.
 "b. `Liability' cannot be adjudicated to a verdict in a vacuum or without consideration of associated damage or affirmative defenses.
"B. Assignment of Error No. 2
 "THE TRIAL COURT ERRED IN FINDING THAT THE SOLE PUTATIVE CLASS REPRESENTATIVE SATISFIES THE `ADEQUACY' PREREQUISITE TO CLASS CERTIFICATION SET FORTH IN CIV.R. 23(A)(4).
 "1. Plaintiff Ralston Is Not An Adequate Class Representative Because Multiple, Documented Instances Of His False And Self-Contradictory Testimony And Statements Render Him Highly Susceptible To Credibility Challenges Which Could Foreseeably Redound To The Detriment Of Absent Class Members.
 "2. Plaintiff Ralston Is Not An Adequate Class Representative Because His Interests Are Antagonistic In Part To Those Of Other Class Members.
"C. Assignment of Error No. 3
 "THE TRIAL COURT ERRED IN FINDING THAT THE SOLE PUTATIVE CLASS REPRESENTATIVE SATISFIES THE `TYPICALITY' PREREQUISITE TO CLASS CERTIFICATION SET FORTH IN CIV.R. 23(A)(3)."
The procedural history of this case is relevant to this appeal. This case was originally instituted in the Lucas County Court of Common Pleas in 1990 as a class action filed by James Ralston against two defendants, CCC and Chrysler Insurance Company ("CIC"). At issue in this case was CCC's practice of purchasing collateral protection insurance on financed vehicles in which CCC had a security interest. CCC would acquire such insurance when the owner of the vehicle would fail to insure the vehicle as required under the terms of CCC's contract. The cost of this "force-placed insurance" was added to the owner's car payment.
On April 28, 1992, the trial court judge granted Ralston's motion for class certification ("the 1992 decision"). CCC filed a timely notice of appeal, L-92-147, from this ruling. However, on August 11, 1993, the Ohio Supreme Court decided the matter of Polikoff v. Adam (1993), 67 Ohio St.3d 100. Based uponPolikoff, this court held on September 20, 1993 that CCC was not entitled to an immediate appeal of the trial court's class certification. Rather, we held, "In short, the question of certification can be preserved and reviewed after the issues in the underlying action are adjudicated." Accordingly, having found that the trial court's determination of the class was not a final appealable order, we dismissed the appeal.
The case proceeded in the trial court as a class action for many years. On September 16, 1997, the trial court granted summary judgment to CIC on all counts and to CCC on all counts except count six, which alleged breach of contract. Included in the causes of action disposed of by summary judgment was appellees' claim under the Ohio Retail Installment Sales Act ("RISA"). The trial court dismissed appellees' RISA claim on the basis that it was filed outside the one year statute of limitations. The trial court reasoned that the action accrued at the time Ralston, the class representative, had knowledge of the fact that insurance was being "force-placed" on his vehicle.
Thereafter, on July 10, 1998, CCC filed a motion to decertify the case as a class action. In its motion, CCC asserted that Ralston was an inadequate class representative because his interest were antagonistic to the other alleged class members, insofar as he could not maintain a RISA action against CCC. In addition, CCC asserted that Ralston was an inadequate class representative because he was vulnerable to multiple, substantial challenges to his credibility, which "inevitably redounds to the detriment of the absent class members." Every basis raised in CCC's motion to decertify the class with respect to Ralston's credibility had already been raised by CCC in its June 7, 1991 brief in opposition to Ralston's motion for class certification. As such, in the 1992 decision, the trial court had already fully considered each of CCC's asserted credibility issues.
Nevertheless, the trial court held a hearing on CCC's motion for decertification on September 3, 1998. The issues discussed at the hearing concerned Ralston's inability to represent the class because of his alleged credibility problems and the fact that he could not bring a RISA action on behalf of the class because such had been disposed of by summary judgment.
At the hearing, with respect to the credibility issues raised by CCC, the trial court commented that the terms of the contract and the fact that insurance was purchased were the relevant factors, not what Ralston's actions were prior to the insurance being purchased. Appellees argued that the trial court had already found Ralston to be an adequate representative in 1992 and, therefore, the matter could not be revisited. After hearing the parties' arguments, the trial court held that Ralston did adequately represent the class on the remaining breach of contract claim.
CCC additionally asserted that because Ralston was unable to represent the class with respect to a RISA action, the class should be decertified. Appellees, however, asserted that, instead of decertification, they should be given an opportunity to notify the class and determine if there was a suitable representative for the RISA action. The trial court agreed that rather than decertifying the class because of the RISA claim, appellees should attempt to find a suitable class member for the RISA action; however, the trial court also noted that an otherwise suitable representative would most likely also be time barred "* * * particularly in light of the fact that Chrysler stopped this practice some time ago."
On September 9, 1998, the trial court denied CCC's motion for decertification of the class. CCC timely filed its notice of appeal. On September 15, 1998, CCC filed a motion in this court to consolidate the previously dismissed appeal, L-92-147, with the present appeal, L-98-1312. On September 18, 1998, we denied CCC's motion on the basis that L-92-147 was dismissed. CCC then filed, on September 25, 1998, a "Notice of Reinstatement of Appeal (Court of Appeals Case No. L-92-147 Previously Dismissed as Premature)." Additionally, on September 23, 1998, appellees filed a motion to dismiss CCC's appeal on the basis that CCC's motion for decertification in the trial court failed to raise any new or additional grounds for the trial court's consideration.
On November 25, 1998, we denied CCC's request for reinstatement of L-92-147 on the following bases. R.C. 2505.02 was amended, effective July 22, 1998, to allow an appeal of "[a]n order that determines that an action may or may not be maintained as a class action." However, the trial court's certification of the class in 1992 occurred at a time when such orders could not be immediately appealed. As such, we found that amended R.C. 2505.02 did not apply to the trial court's 1992 decision because the appeal from that decision was not "pending" on the effective date of the statute, as it had already been dismissed. We rejected CCC's remaining arguments, as well, and relied on Schnitzler v. Agrigeneral Co., L.P.
(Aug. 21, 1998), Marion App. No. 9-98-38, unreported, in support of our decision, which stated, in pertinent part:
 "The recent amendment to R.C. 2505.02 * * * did not affect the rules governing appellate procedure and create an immediate right of appeal from every order granting class certification, regardless of the date on which such order was filed. A notice of appeal must be filed within thirty days of the entry of a judgment, not a statutory amendment."
(Discretionary appeal not allowed. Schnitzler v. AgriGeneral Co.
(1998), 84 Ohio St.3d 1436.)
We also denied appellees' request that CCC's current appeal be dismissed. Appellees argued that, because amended R.C.2505.02, effective July 22, 1998, did not permit an appeal to be taken from a mere motion for reconsideration of an order awarding class certification status, this appeal was not properly before this court. We, however, found that appellant's motion to decertify the class was not merely a request to reconsider class certification. Rather, we found that CCC's motion to decertify was filed, in part, in response to new circumstances in the case which developed since the original class certification was made in 1992. Namely, since the determination of the class in 1992, the trial court dismissed appellees' RISA claim because it exceeded the applicable statute of limitations. Because of these "new circumstances," we held that the trial court did make a determination that "an action may or may not be maintained as a class action." See R.C. 2505.02(B)(5). As such, we allowed this appeal.
In its appeal, CCC asserts the following arguments: (1) that the trial court in its 1992 decision failed to determine that the certified issues predominated the remaining individual uncertified issues; (2) the trial court's bifurcation of liability issues from the "myriad" of remaining issues, such as damages and affirmative defenses, contravenes the parties' right to trial by jury; (3) the trial court erred in its 1992 decision in finding that Ralston satisfies the "adequacy" prerequisite to class certification as set forth in Civ.R. 23(A)(4) because Ralston is "extremely vulnerable to multiple credibility challenges, and his interests are, in part, antagonistic to those of the other class members"; and (4) the trial court erred in finding that Ralston satisfied the "typicality" prerequisite. All of CCC's arguments concern the trial court's 1992 decision.
Despite CCC's assignments of error, based on the law of this case (see our November 25, 1998 opinion), we have clearly decided that appellant cannot now appeal from the trial court's original decision to certify this matter as a class action. CCC's previous appeal concerning the 1992 decision has long been dismissed, appellant is out of time to now appeal such decision, and we have declined to reinstate L-92-147. However, as we stated on September 20, 1993, in case number L-92-147, "the question of certification can be preserved and reviewed after the issues in the underlying action are adjudicated."
Moreover, R.C. 2505.02(B)(5) states that an order is a final order when it is "[a]n order that determines that an action may or may not be maintained as a class action." (Emphasis added.) We find that the only new matter that was determined by the trial court in its denial of the motion to decertify the class was whether Ralston was an inadequate class representative due to his inability to represent the class on the RISA cause of action. CCC raised in its motion for decertification arguments concerning Ralston's credibility; however, CCC raised no new matters or issues of credibility that were not already raised in its brief in opposition to class certification, filed in 1991. Insofar as the trial court did not disturb the 1992 decision concerning Ralston's credibility, we find that the trial court made no actual determination concerning such. Rather, the trial court merely affirmed, and left undisturbed, the preceding judge's determination regarding Ralston's credibility and ability to represent the class. Therefore, with respect to credibility, in ruling upon CCC's motion for decertification, the trial court did not enter an order that "[determined] that an action may or may not be maintained as a class action."
Accordingly, we find that CCC is prohibited from raising arguments on appeal concerning matters not determined by the trial court in its opinion denying CCC's motion for decertification. Were we to interpret R.C. 2505.02(B)(5) to allow CCC to immediately appeal from motions to decertify where no new matters were raised, CCC could potentially file motions to decertify, or motions for reconsideration, on different issues ad infinitum, thereby delaying these proceedings indefinitely. As we stated in 1993, upon final adjudication of these proceedings in the trial court, the question of certification can be reviewed.
Accordingly, insofar as CCC's first assignment of error relates solely to the 1992 decision, which is not currently before this court, we find that CCC's first assignment of error, and the accompanying arguments, are not well-taken as they are not properly before this court. CCC's remaining two assignments of error concern Ralston's "adequacy" and "typicality."
It is well-settled that "[a] trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion." Marks v. C.P. Chem. Co., Inc. (1987),31 Ohio St.3d 200, syllabus. "[T]he appropriateness of applying the abuse-of-discretion standard in reviewing class action determinations is grounded not in credibility assessment, but in the trial court's special expertise and familiarity with case-management problems and its inherent power to manage its own docket." Hamilton v. Ohio Savings Bank (1998) 82 Ohio St.3d 67,70, citing, Marks, supra at 201. "However, the trial court's discretion in deciding whether to certify a class action is not unlimited, and indeed is bounded by and must be exercised within the framework of Civ.R. 23." Hamilton at 70. "The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." Id.
The following seven requirements must be satisfied before an action may be maintained as a class action under Civ.R. 23: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met. Civ.R. 23(A) and (B); Warner v. Waste Mgt., Inc. (1988), 36 Ohio St.3d 91.
CCC asserts on appeal, with respect to his second and third assignments of error, that Ralston fails both the "adequacy" and "typicality" requirements of Civ.R. 23. CCC raises a number of issues on appeal concerning Ralston's inability to represent the class, including, in part, Ralston's alleged credibility problems, that there are unique defenses which apply only to Ralston, and Ralston's inability to maintain a RISA action. Some of CCC's arguments on appeal were not raised before the trial court in its motion to decertify the class and relate solely to the 1992 decision. As such, these issues are not properly before this court. However, of the issues that were raised, we have already determined that the only potential issue before this court is whether Ralston is an inadequate class representative due to his inability to represent the class on a potential RISA action.
Upon a thorough review of the record, we find that the trial court did not abuse its discretion in denying CCC's motion to decertify the class on the basis of Ralston's inability to maintain a RISA action. As the trial court stated, because the one year statute of limitations was deemed to begin when insurance was force-placed, it is unlikely any class member could maintain the action. Nevertheless, as the trial court found, an appropriate course of conduct would be to allow appellees to notify the class members and determine if there was an adequate representative with respect to the RISA action. This is particularly astute considering that this matter has been proceeding since 1992 as a class action. Accordingly, we find CCC's second and third assignments of error not well-taken.
On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
 Melvin L. Resnick, J., James R. Sherck, J.,Richard W. Knepper, J., concur.