ACCELERATED MEMORANDUM OPINION
On August 20, 1998, Appellant filed a notice of appeal of four (4) separate decisions of the Lake County Court of Common Pleas. Each of these decisions were issued on July 21, 1998.
The first judgment entry marked Exhibit 253 states:
 "Plaintiff's Motion in Opposition to Case Reassignment C.P.Sup.R.4, Plaintiff's Objection to Magistrate's Decision, and Plaintiff's Request for Findings of Fact and Conclusions of Law (O.R.C. 52) are hereby denied. Plaintiff's Motion to Strike Defendant's Brief in Support of Magistrate's Decision O.C.R. 12(F) is hereby granted, and Defendants Brief in Support of Magistrate's Decision is hereby stricken."
The second judgment entry marked Exhibit 255 states:
 "* * *[T]hat defendant Theodore Klammer's "Motion to Dismiss for Failure to State a Claim is well taken and hereby granted. The Motion for Protective Order for Defendant Theodore Klammer, and Plaintiff's Motion to Strike O.R.C. 12(F) are denied."
The third judgment entry marked Exhibit 256 stated that plaintiff was granted:
 "[U]p to and including fourteen (14) days from the date of this entry, to respond to Defendant's Motion for Summary Judgment."
The fourth judgment entry marked Exhibit 257 states:
 "Plaintiff's Motion to Compel Discovery (First and Second) is granted in part and denied in part. Plaintiff's Motion is granted as it relates to Interrogatories 28 and 29. Plaintiff's Motion is denied as it relates to Interrogatories 30 and 31, and pursuant to the discussion above. Plaintiff's Request for Hearing, Sanctions, Attorney Fees, and Costs is denied."
This court must determine whether these orders are final appealable orders. Such a determination is made by applying both the requirements of Civ.R. 54(B), and the recently amended R.C.2505.02, defining final appealable orders. See Noble v. Colwell
(1989), 44 Ohio St.3d 92:
 "An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable."
There exist numerous defendants in this case as demonstrated by the docket sheet. The second judgment entry, Exhibit 255, which grants defendant Theodore Klammer's "Motion to Dismiss for Failure to State a Claim" does not contain the required Civ.R 54(B) language "no just reason for delay". Nor, does it grant or dismiss the remaining causes of action against the other defendants. As a result, this Exhibit 255 order is not a final appealable order.
Civ.R. 54(B) states:
 "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the Court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
The remaining orders are interlocutory in nature. Whether such decisions of the trial court are final appealable orders must be determined in accordance with the recently amended provisions of R.C. 2505.02, effective July 22, 1998. R.C. 2505.02 now provides as follows:
 "* * *(1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 "(2) `Special preceding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 "(3) An order that vacates or sets aside a judgment or grants a new trial;
 "(4) An order that grants or denies provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 "(5) An order that determines that an action may or may not be maintained as a class action.
 "(C) When a court isues an order that vacates or sets aside a judgment or grants a new trial, the court, upon the request of either party, shall state in the order the grounds upon which the new trial is granted or the judgment vacated or set aside.
 "(D) This section applies to and governs any action, including an appeal, that is pending in any court on the effective date of this amendment and all claims filed or actions commenced on or after the effective date of this amendment, notwithstanding any provision of any prior statute or rule of law of this state."
Exhibit 253, 256, and 257 are provisional remedies being ancillary to the primary cause of action. Section 3 of R.C.2505.02, states, in part:
 "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
A final appealable order regarding provisional matters under Section 4 of R.C. 2505.02, must meet the requirements of both (a) and (b) of that section, and states as follows:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
In reference to the decisions in Exhibit 253, 256, and 257, such orders meet the requirements of Section 4 part (a). Each of these decisions "in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy". However, each of these decisions fails to meet the provisions of part (b) "the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
The appellant, in this case, is not denied a "meaningful or effective" remedy of these issues until the entire case is litigated. Whether a remedy is meaningful or effective essentially is determined by the impracticability and detrimental effect of a delayed review of such a "provisional decision". Would the appellant essentially be deprived of a remedy because the passage of time makes moot any review sought?
An appropriate standard to determine whether an appeal, at the end of a case, is "a meaningful or an effective remedy" is one enunciated by the Supreme Court of Ohio in the Polikoff v. Adams
(1993), 67 Ohio St.3d 100. This standard was originally addressed to determine the existence of a special proceeding with a substantive right. It is now more applicable to the new standards necessary to determine whether a provisional is a final appealable order.
Polikoff states in part:
 "* * *[W]e find that the facts needed to analyze this precise issue will be unchanged by the ultimate disposition of the underlying action. * * *"
In the present case the trial court's orders denying appellant's motion in regard this case reassignment, appellant's objections to the magistrate's decision, and appellant's request for finding of fact and conclusions of law are provisional orders. These provisional orders and the issues surrounding them will continue to exist until the entire case is determined. The action taken or denied does not reveal privileged information nor prevent the appellant from proceeding with his principal cause of action. The issue surrounding these provisional orders will survive unchanged until a final decision is reached in this case.
An order granting the appellant a fourteen-day extension to respond to appellee's motion for summary judgment is interlocutory and has no effect upon the ultimate issues of the case.
The last order denying, in part, a motion to compel discovery is also not a final appealable order. It is provisional being ancillary to the principal cause of action. It does not disclose confidential information to the appellant. Nor does it prevent the appellant from presenting his case further. This issue will still exist at the conclusion of appellant's principal cause of action.
For all the foregoing reasons, the appeal filed by the appellant is not a final appealable order, pursuant to Civ.R. 54(B) and under amended R.C. 2505.02 Section 3 and Section 4, sub part (a) and (b), effective as of July 22, 1998.
The appeals are ordered dismissed.