OPINION.
Plaintiffs-appellants Alan L. Sirkin and Steven E. Yuhas have taken the instant appeal from five separate judgment entries, by which the trial court either granted a motion by the appellees for a protective order or denied a motion by the appellants for an order compelling disclosure or an in camera
inspection of allegedly privileged material. The appellants advance on appeal three assignments of error. We do not, however, reach the merits of the challenges presented on appeal, because none of the entries from which the appellants have appealed is a final order.
In 1994, defendants-appellants Rodney and Barbara McBurrows retained attorneys Sirkin and Yuhas under contingent-fee agreements to pursue on their behalf a personal-injury claim. The McBurrowses subsequently discharged Sirkin and Yuhas and, in May of 1997, retained attorneys Sylvan P. Reisenfeld and Alan J. Statman to represent them on the claim.
While represented by Reisenfeld and Statman, the McBurrowses settled their claim. The settlement prompted Sirkin, in October of 1997, and Yuhas, by amendment of Sirkin's complaint in June of 1998, to file an action against the McBurrowses, Reisenfeld and Statman, and the law firm of Reisenfeld Statman, L.P.A., seeking recompense for their professional efforts on behalf of the McBurrowses on the claim.
On December 30, 1997, Sirkin filed the first in what would become a series of motions, through which the parties would play out their struggle over the discovery of matters contained in Reisenfeld and Statman's file on the McBurrowses' personal-injury claim. In his initial motion, Sirkin sought an order compelling Reisenfeld and Statman's production of the file. Reisenfeld and Statman resisted compelled production of the file with a motion seeking a protective order. In support of the motion, they asserted that the matters contained in the file were protected by the attorney-client privilege. Alternatively, they argued that the matters contained in the file were not discoverable, because the Ohio Supreme Court's decision in Reid, Johnson, Downes,Andrachik Webster v. Lansberry (1994), 68 Ohio St.3d 570,629 N.E.2d 431, which limits the recovery of a discharged contingent-fee attorney to quantum meruit, rendered the file's contents irrelevant. By entry dated February 11, 1998, the trial court granted the protective order upon its determination that the matters sought to be discovered were protected by the attorney-client privilege.
In February of 1998, Sirkin submitted to Reisenfeld and Statman his second and third sets of interrogatories and requests for the production of documents, and in March and May of that year, he filed motions seeking orders compelling responses to his discovery requests. On June 22, 1998, with reference to its February 11 protective order, the trial court denied Sirkin's motions.
Two weeks later, Sirkin filed a motion seeking reconsideration of the February 11 protective order and the June 22 entry denying his motion to compel or, alternatively, an in camera inspection of the case file, with an order compelling production of the file's nonprivileged communications. By entry dated July 24, 1998, the trial court denied the motion.
Finally, in September of 1998, Sirkin and Yuhas moved for an incamera inspection and an order compelling disclosure of the nonprivileged matters sought in a flurry of interrogatories and requests for admissions and the production of documents submitted by Sirkin and Yuhas to Reisenfeld and Statman. By separate entries dated November 30, 1998, the trial court denied Sirkin and Yuhas's motion and granted Reisenfeld and Statman's motion for a protective order.
On December 9, 1998, Sirkin and Yuhas filed the instant appeal from (1) the February 11, 1998, protective order, (2) the June 22, 1998, entry denying the March and May 1998 motions for an order to compel, (3) the July 24, 1998, entry denying reconsideration or anin camera inspection, (4) the November 30, 1998, entry denying the September 1998 motion for an in camera inspection and an order to compel, (5) the November 30, 1998, protective order, and (6) "[a]ll other provisional remedies in this matter that result in a final order."
The appellees subsequently moved to dismiss the appeal. In support of their motion, they asserted that the appeal was, with respect to the February, June and July entries, not timely filed and that this court was, in the absence of a final appealable order, without jurisdiction to entertain the appeal. By entry dated February 26, 1999, we overruled the motion.
However, the submission of this cause for a determination on the merits again presents this court with the question of our jurisdiction. See State ex rel. White v. Cuyahoga Metro. Hous.Auth. (1997), 79 Ohio St.3d 543, 544, 684 N.E.2d 72, 73. Our inquiry leads us to conclude that the absence of a final order deprives us of the jurisdiction to address on their merits the challenges advanced by the appellants on appeal.[1]
Section 3(B) (2), Article IV of the Ohio Constitution confers upon courts of appeals "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * * ." R.C. 2505.03(A) limits the jurisdiction of courts of appeals to the review of a "final order, judgment or decree." R.C. 2505.02(B) defines a "final order" to include:
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
R.C. 2505.02(A) (3) defines a "provisional remedy" as a remedy sought in "a proceeding ancillary to an action" and specifically includes in its nonexclusive list of examples a remedy sought in "a proceeding for * * * [the] discovery of [a] privileged matter * * * ."[2]
The entries from which this appeal derives variously protected the appellees from or denied the appellants compelled disclosure of the matters sought to be discovered, on the ground that those matters were protected by the attorney-client privilege. Each entry, therefore, constitutes "[a]n order that grants or denies a provisional remedy." Moreover, with respect to that "provisional remedy," each entry may fairly be said to "in effect determine
the action * * * and prevent a judgment" favorable to the appellants.
The effect of each entry, however, is to leave the allegedly privileged material undisclosed. If this court determines, on appeal from the entry of the final judgment in this action, that the trial court erred in granting the appellees' protective orders or in denying the appellants' motions to compel or for an incamera inspection, we are empowered to reverse the judgment and remand the matter for a new trial. Under these circumstances, we cannot say that a delay in appellate consideration of these entries until an appeal from the ultimate entry of final judgment in this action would operate to deny the appellants "a meaningful or effective remedy." See R.C. 2505.02(B) (4) (b); see, also,Penko v. Eastlake (Dec. 11, 1998), Lake App. No. 98-l-186, unreported (citing Polikoff v. Adam [1993], 67 Ohio St.3d 100,616 N.E.2d 213, to hold that orders denying compelled disclosure of privileged material are not "final order[s]" under R.C.2505.02[B][4], because "[t]he issues surrounding these provisional orders will survive unchanged until a final decision * * * in [the] case"). Cf. Gibson-Myers Assocs., Inc. v. Pearce (Oct. 27, 1999), Summit App. No. 19358, unreported (holding that an order compelling the production of documents that constitute trade secrets is a "final order" under R.C. 2505.02[B][4], because the "proverbial bell" rung by compelled disclosure of the undiscoverable material "cannot be unrung" on appeal from a final judgment in the action).
Accordingly, we conclude that the entries from which the appellants have appealed are not "final order[s]" under R.C.2505.02(B) (4). In the absence of a final order, we are without jurisdiction to entertain the appellants' appeal. We, therefore,sua sponte dismiss this appeal.
Appeal dismissed.
 Gorman, P.J., and Sundermann, J., concur.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] App.R. 4(B) (5) permits a party to file a notice of appeal within thirty days of the entry of "a judgment or order entered in a case in which the trial court has not disposed of all claims as to all parties," but only "[i]f an appeal is permitted from [such] a judgment or order." Our determination that none of the entries from which the appellants have appealed constitutes a final appealable order preempts any inquiry into whether, with respect to the February, June and July entries, this appeal was timely filed.
[2] Under former R.C. 2505.02, a discovery order entered in an action that was not a "special proceeding" was not a "final order." See State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420,639 N.E.2d 83, paragraph seven of the syllabus. The General Assembly amended the statute, effective as of July 22, 1998, to include in its definition of a "final order" an order that grants or denies a "provisional remedy." Amended R.C.2505.02 controls our determination of the finality of the orders from which this appeal derives, because the statute, by its terms, "applies to and governs any action * * * pending in any court on [its] effective date * * * ." R.C. 2505.02(D).