OPINION
Defendant-appellant, June Zordich d.b.a. Atria Construction, appeals from a judgment entered in the Mahoning County Common Pleas Court overruling her motion to dismiss the complaint filed against her by plaintiff-appellee, Herbert Hughes.
Appellee loaned appellant $25,000 on April 13, 1990. Appellee alleges that appellant was to repay the loan at 8 percent interest per annum as soon as she was financially able to do so. On September 30, 1994, appellee filed a complaint against appellant seeking repayment of the outstanding loan. Appellee alleges that he unsuccessfully attempted numerous times to serve appellant. Appellee's counsel then contacted appellant's counsel at the time, who agreed to accept service on behalf of appellant. Appellee served appellant's counsel on December 2, 1994.
On April 24, 1995, appellee filed a motion for default judgment because appellant had not responded to the complaint. The trial court entered default judgment against appellant on May 25, 1995. On February 14, 1997, appellant filed a motion to vacate the default judgment for lack of personal jurisdiction due to improper service of process. Said motion was overruled on April 30, 1997, but after reconsideration, was granted on May 18, 1998. The May 18, 1998 judgment entry granted appellee thirty days to effect service of process upon appellant and thereby vacated the default judgment.
Appellant was subsequently served with the summons and complaint on August 13, 1998. She then moved to dismiss the complaint. On June 1, 1999, the trial court overruled appellant's motion to dismiss finding that service was sufficient and that appellee did not violate the statute of limitations. It is from this judgment that appellant seeks relief. She filed a timely notice of appeal on June 25, 1999, assigning as error the trial court's overruling of her motion to dismiss.
Before reviewing appellant's alleged error, we must first sua sponte
examine the jurisdictional issue as to whether the trial court's judgment overruling appellant's motion to dismiss for failure to comply with the statute of limitations is a final appealable order. Section 3(B)(2), Article IV of the Ohio Constitution governs the limited subject matter jurisdiction of Ohio appellate courts specifically providing in part:
 "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *."
R.C. 2505.02(B) defines a final appealable order as one of the following:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 "(3) An order that vacates or sets aside a judgment or grants a new trial;
 "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 "(5) An order that determines that an action may or may not be maintained as a class action."
If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and the appeal must be dismissed.Davison v. Rini (1996), 115 Ohio App.3d 688, 692. The Ohio Supreme Court has held that "[g]enerally, an order denying a motion to dismiss is not a final appealable order." Polikoff v. Adam (1993), 67 Ohio St.3d 100,103.
The trial court's order denying appellant's motion to dismiss does not fit into any of the categories listed in R.C. 2505.02(B). Such a ruling does not determine the action or prevent a judgment. Appellant still has the opportunity to prevail at trial on the merits of her case. Furthermore, should she not prevail at trial, she will then have occasion to appeal that judgment.
Accordingly, the court's judgment overruling appellant's motion to dismiss is not a final appealable order. Thus, we are without jurisdiction to review the merits of appellant's assignment of error.
Therefore, the present appeal is dismissed and this cause of action is remanded to the trial court for further proceedings according to law and consistent with this court's opinion.
 _____________ DONOFRIO, J.
HON. GENE DONOFRIO, HON. JOSEPH J. VUKOVICH, and, HON. JOSEPH E. O'NEILL, RETIRED, of the Seventh District Court, and of Appeals, sitting by assignment.